UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS PORTOCARRERO CANA,
    Petitioner,

v.                                          Case No.  8:07-cv-38-T-17TGW
                                                                  8:01-cr-212-T-17TGW

UNITED STATES OF AMERICA,
    Respondent.

_____

## O R D E R

This cause is before the Court on Defendant Jesus Portocarrero Cana's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. cv-1; cr-248) The Government filed a response to the motion to vacate. (Dkt. cv-4) Portocarrero Cana filed a reply. (Dkt. cv-7)

## PROCEDURAL HISTORY

On August 22, 2001, a grand jury in the Middle District of Florida returned a two count superseding indictment charging Defendant Jesus Portocarrero Cana with: (a) conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(g) and 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and (b) possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). (Dkt. cr-50) On April 24, 2002, following a three-day trial, a petit jury found Portocarrero Cana guilty as charged. (Dkt. cr-101)

The district court sentenced Portocarrero Cana to 235 months imprisonment, followed by 60 months supervised release. (Dkt. cr-125) Portocarrero Cana filed a direct appeal, #02-15919HH. (Dkt. cr-139) The appellate court affirmed his conviction and sentence, United States v. Rivas, et al, 91 Fed. Appx. 654 (11th Cir. 2004), but the Supreme Court vacated both the conviction and sentence and remanded the case to the appellate court for consideration in light of United States v. Booker, 543 U.S. 220 (2005). See Cana v. United States, 543 U.S. 1104 (2005). After reconsideration on the Booker issue, the Eleventh Circuit Court of Appeals affirmed Portocarrero Cana's conviction and sentence, (Dkt. cr-239), and the Supreme Court subsequently denied certiorari on January 17, 2006. Rivas, et al v. United States, 546 U.S. 1145 (2006).

On January 5, 2007, Portocarrero Cana filed a motion to vacate his sentence, (Dkt. cv-1; cr-248), pursuant to 28 U.S.C. § 2255. Portocarrero Cana claims that the Government obstructed justice by withholding copies of videotape he alleges will prove his "actual innocence" and, additionally, he claims ineffective assistance of counsel because his attorney failed to present the same videotape to the jury as evidence of the Portocarrero Cana's "actual innocence." Portocarrero Cana also renews his contention that his sentence is plain error in light of Booker/Blakely.

## DISCUSSION

Portocarrero Cana's contention that his sentence constitutes clear error in light of Booker/Blakely, and that he is entitled to re-sentencing is without merit. Portocarrero Cana filed a writ of certiorari on this issue in the United States Supreme Court, and the case was remanded. The Eleventh Circuit affirmed the sentence and the conviction, and the Supreme Court then denied certiorari. This issue has already been fully decided

against the defendant on direct appeal. "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be relitigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Nateli, 553 F.2d 5, 7 (2d Cir. 1977)). Portocarrero Cana cannot relitigate the issue collaterally simply because the decision of the Eleventh Circuit was not in his favor.

Ineffective assistance of counsel is one way to surmount the procedural bar against relitigation, but the ineffective assistance of counsel claim must have merit. If Portocarrero Cana suggests in any way that his counsel was ineffective for failing to raise the Booker/Blakely issue at sentencing, that claim would be without merit under either prong of the test laid out in Strickland v. Washington, 466 U.S. 668, 688 (1984). Counsel is not deficient for failing to anticipate changes in the law.[1] See Davis v. Singletary, 119 F.3d 1471, 1476 (11th Cir. 1997). Therefore, failure to present a Booker argument that the sentencing guidelines were unconstitutional would not constitute deficient performance. Furthermore, Portocarrero Cana cannot establish that he was prejudiced, because nothing in the record establishes that the Court would have imposed a lesser sentence if the guidelines were not considered to be mandatory. (Dkt. cr-164) Since the record does not actually show that the Court would have imposed a lesser sentence, Portocarrero Cana cannot meet his burden to show prejudice. See United States v. Rodriguez, 398 F.3d 1291, 1299-1300 (11th Cir.), cert. denied, 545 U.S. 1127 (2005). Therefore, Portocarrero Cana is not entitled to relief on this issue, nor is he entitled to any further review of this issue since it has already been decided on direct appeal.

Portocarrero Cana also claims ineffective assistance of counsel because his counsel did not introduce, at trial, videotape made during the Navy helicopter flight,

---

[1] Portocarrero Cana was sentenced in October 2002, and Booker was decided in early January 2005.

which he claims shows his innocence. Based on the two-prong test laid out in Strickland v. Washington, 466 U.S. 668, 688 (1984), in order to judge whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result," a defendant must show both that (1) counsel's performance was deficient, and (2) that the defendant was prejudiced by the deficient performance. If a defendant fails to make a sufficient showing on one prong or the other, then the judgment cannot be set aside. Id. at 691.

A lawyer is presumed to be competent and, thus, the burden is on the accused to demonstrate ineffective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). This is a difficult, but not insurmountable burden. For counsel's performance to be judged deficient, the defendant must establish that counsel's performance was outside the wide range of professionally reasonable behavior. See Strickland, 466 U.S. at 690. It is unwise and undesirable to second-guess the decisions made by counsel at trial. Id. at 689. Therefore, counsel cannot be adjudged incompetent as long as the approach taken "might be considered sound trial strategy." Id.

In this case, counsel's decision not to show the tapes was a valid and strategic decision. Both Portocarrero Cana and his counsel had the opportunity to view the videotapes prior to trial. (Dkt. cv-2 at 11; cv-7 at 4) The decision was made not to show the videotape, and at the time the decision was made, Portocarrero Cana agreed. (Dkt. cr-164 at 12) Because the decision by counsel not to show the videotapes to the jury was a strategic decision, Portocarrero Cana has not made the requisite showing that his counsel was deficient. Additionally, because of the extensive and overwhelming eyewitness testimony at trial, Portocarrero Cana cannot show that he suffered any prejudice because

of counsel's failure to introduce the tapes as evidence. Therefore, Portocarrero Cana is not entitled to relief due to ineffective assistance of counsel.

Portocarrero Cana also claims that the videotapes prove his "actual innocence." To establish the "actual innocence" necessary to warrant relief under § 2255, a defendant must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (quotation omitted)). "It is important to note in this regard that actual innocence means factual innocence, not mere legal insufficiency." Id. "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quotation omitted)).

The extensive eyewitness testimony does not contradict the video as Portocarrero Cana claims. (Dkt. cv-2 at 4) Portocarrera Cana has not established factual innocence so that no reasonable juror would have convicted him. Extensive eyewitness testimony clearly establishes that the cocaine was tossed from the boat prior to the arrival of the Ticonderoga; therefore, a reasonable juror could have found Portocarrero Cana guilty. Portocarrero Cana has not met his burden to establish "actual innocence."

Just as defense counsel is entitled to make strategic decisions, so is the Government. At trial, the Government was not required to introduce the videotapes, and it made no effort to prevent Portocarrero Cana and his counsel from presenting the tape. Portocarrero Cana admits that before trial he and his counsel received and viewed the video. (Dkt. cv-2 at 11; cv-7 at 4) Furthermore, on April 16, 2007, a copy of one

5

videotape was filed with the Court as part of Portocarrero Cana's § 2255 motion. (Dkt. cv-9) Portocarrero Cana had access to a copy of at least one of the tapes in order to provide the tape to the Court.

Portocarrero Cana has not established the need for an evidentiary hearing on the evidence contained in the videotapes, as is his burden. See Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). Portocarrero Cana cites Turner v. Crosby, 339 F.3d 1247, 1274 (11th Cir. 2003), which requires an evidentiary hearing when the "material facts are in dispute." Here the material facts are not in dispute. Overwhelming eyewitness testimony is internally consistent and also consistent with the tapes. When the record establishes that a § 2255 claim lacks merit, no evidentiary hearing is required. See United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). Because Portocarrero Cana's claims of ineffective assistance of counsel and actual innocence lack merit, no evidentiary hearing is required. Accordingly, it is

**ORDERED** that Portocarrero Cana's motion to vacate (Dkt. cv-1; cr-248) be **DENIED** with prejudice. The Clerk is directed to enter judgment against Portocarrero Cana in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate his sentence has no absolute right to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1)(B). Before a prisoner has a right to appeal, a district court must issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). If a reasonable jurist would

find the district court's ruling on the constitutional claims debatable or wrong, then a substantial showing has been made that a constitutional right has been denied and a COA should be issued. Slack v. McDaniel, 529 U.S. 473, 478 (2000). Another way to secure a COA is to demonstrate that issues presented were sufficient to warrant encouragement to proceed. Miller-El v. Cockerell, 537 U.S. 322, 327 (2003). Defendant has not made the requisite showing under these circumstances.

Finally, because Defendant is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 24th day of July 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record